IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
FRANCIS ANTHONY GRANDINETTI  )   CIV. NO. 13-00566 LEK/KSC
II,                          )
                             )   DISMISSAL ORDER PURSUANT TO
          Plaintiff,         )   28 U.S.C. § 1915(g)
                             )
     vs.                     )
                             )
PRESIDENT BILL CLINTON,      )
CLINTON ADMINISTRATION       )
OFFICIALS, JANET RENO,       )
                             )
          Defendants.        )
_____)
```

**DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se plaintiff Francis Anthony Grandinetti's prisoner civil rights action.  Grandinetti is a Hawaii inmate confined at the Saguaro Correctional Center ("SCC"), in Eloy, Arizona.  Grandinetti challenges the constitutionality of the Prison Litigation Reform Act ("PLRA") of 1995.  Grandinetti neither submitted an in forma pauperis ("IFP") application nor paid the statutory filing fee for commencing this action.

**I.   28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,

>     unless the prisoner is under imminent danger
>     of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

The court takes judicial notice that Grandinetti has had at least three cases dismissed while he was incarcerated that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). These include:

   (1) *Grandinetti v. U.S. Marshals Serv.*, Civ. No.
       00-00489 SOM-KSC (D. Haw. Aug. 1, 2001)
       (dismissed for failure to state a claim);

   (2) *Grandinetti v. Bobby Ross Group Inc., et al.*,
       Civ. No. 96-00117 (E.D. Tex. Mar. 5, 1999)
       (dismissed as frivolous and for failure to
       state a claim); and

>    (3)  *Grandinetti v. Iranon, et al.*, Civ. No. 96-00101 (E.D. Tex. Jan. 26, 1998) (dismissed as frivolous and for failure to state a claim).[1]

*See* PACER Case Locator, http://pacer.psc.uscourts.gov. Grandinetti may not bring a civil action without complete prepayment of the entire filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## II.  NO IMMINENT DANGER

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.* at 1055.

Nothing within the Complaint suggests that Grandinetti was in imminent danger of serious physical injury when he filed this action.  Grandinetti may not proceed without prepayment of the civil filing fee.  The Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  Grandinetti may reassert these claims in a new action by concurrently submitting the entire $400.00 filing fee.  Any pending motions

---

[1] The court has notified Grandinetti of his strikes numerous times.  *See e.g.*, *Grandinetti v. Champion Air*, Civ. No. 12-00528 SOM; *Grandinetti v. Inverness Med. Co.*, Civ. No. 12-00489 HG; *Grandinetti v. U.S. Attorney Gen.*, Civ. No.12-00430 HG.

are DISMISSED.  The Clerk shall close the case and note this dismissal is pursuant to 28 U.S.C. § 1915(g).

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, November 5, 2013.



      /S/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

*Grandinetti v. Clinton*, Civ. No. 13-00566 LEK/KSC; PSA/3 stks/dmp/2013/Grandinetti v. Clinton, 13-566 lek (no imm. dng)